IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-185-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CLIFFORD EARL HORTON, III, ) | |
| ) | |
| Defendant. ) | |

On January 27, 2022, Clifford Earl Horton, III ("Horton" or "defendant") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 266]. On March 14, 2022, the government responded in opposition [D.E. 275, 276]. As explained below, the court denies Horton's motion.

I.

On September 30, 2013, pursuant to a plea agreement, Horton pleaded guilty to theft of firearms from a federal firearms licensee and aiding and abetting (count one), interference with commerce by robbery and aiding and abetting (counts two and four), and brandishing a firearm during a crime of violence and aiding and abetting (count seven). See [D.E. 96, 100]. On January 17, 2014, the court held Horton's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 119]; [D.E. 128]. The court calculated Horton's total offense level to be 29, his criminal history category to be I, and his advisory guideline range to be 87 to 108 months' imprisonment on counts one, two, and four, and 84 months' consecutive imprisonment on count seven. See PSR ¶ 73. After

thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Horton to 87 months' concurrent imprisonment on counts one, two, and four, and 84 months' consecutive imprisonment on count seven, for a total term of 171 months' imprisonment. See [D.E. 138]. Horton did not appeal.

On June 14, 2016, Horton moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See [D.E. 167]. On September 10, 2019, the court dismissed Horton's section 2255 motion and denied a certificate of appealability [D.E. 233].

## II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s timing

requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's

3

age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13 cmt. n.2.

Horton claims to have applied to his warden for compassionate release. See [D.E. 266-1] 1. The government argues that Horton never submitted such an application to the warden and failed to exhaust his administrative remedies. See [D.E. 275] 3; [D.E. 275-1] 1–2; Muhammad, 16 F.4th at 130. The court assumes without deciding that Horton met the exhaustion requirements and addresses Horton's motion on the merits.

In support of his motion for compassionate release, Horton cites the COVID-19 pandemic, his health conditions, his rehabilitation, and his release plan. See [D.E. 266] 5–11.

As for his medical conditions, Horton argues that his being overweight and hypertension place him at elevated risk of serious infection from COVID-19. See id. at 5–8. Horton notes he received a COVID-19 vaccine but has not been boosted. See id. at 7; [D.E. 266-2] 10. Under the "medical condition of the defendant" policy statement, a defendant may qualify for compassionate release if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Horton does not argue that the BOP is not treating and monitoring his conditions or that he is unable to provide self-care while incarcerated.

Horton has had and recovered from COVID-19, thus obtaining natural antibodies, and he is

4

vaccinated. See [D.E. 266] 6–7; [D.E. 266-2] 10–11; see, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Horton from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Horton's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A). Accordingly, granting compassionate release because of Horton's health conditions and the general

5

risk of COVID-19 in prison does not comport with the "medical condition of the defendant" policy statement. See 18 U.S.C. § 3582(c)(1)(A).

Nonetheless, the court assumes without deciding that COVID-19 and Horton's health conditions, his rehabilitation, and his release plan constitute extraordinary and compelling reasons under the "other reasons" policy statement and section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Horton's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Horton is 28 years old and engaged in very serious criminal conduct. Horton is incarcerated for theft of firearms from a federal firearms licensee and aiding and abetting (count one), interference with commerce by robbery and aiding and abetting (counts two and four), and brandishing a firearm during a crime of violence and aiding and abetting (count seven). See PSR ¶¶ 1–18.

Horton has taken some positive steps while federally incarcerated. See [D.E. 266] 10; [D.E. 266-10] 1–2; [D.E. 266-11]. For example, Horton earned a certificate in machine shop and has taken other vocational courses. See [D.E. 266] 10; [D.E. 266-11] 1; [D.E. 266-12] 2. Horton has maintained employment working in the print factory. See [D.E. 266-12] 1. Moreover, Horton has incurred only one infraction. See id. at 2.

The court must balance Horton's rehabilitation efforts with his serious criminal conduct, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The

6

court also has considered Horton's potential exposure to COVID-19, his medical conditions, the section 3553(a) factors, and his release plan. The court recognizes Horton has supportive family and friends who would help him if released. See [D.E. 266-3 through 266-9]; [D.E. 266-10] (letter from Horton). Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Horton's arguments, the government's persuasive response, the need to punish Horton for his serious criminal behavior, to incapacitate Horton, to promote respect for the law, to deter others, and to protect society, the court denies Horton's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 266].

SO ORDERED. This 8 day of August, 2022.

JAMES C. DEVER III
United States District Judge